OPINION
{¶ 1} On May 17, 2000, appellant, Jesse Wright, and appellee, Theresa Huntsman, agreed to a shared parenting plan for their son, Jarryn born March 24, 1998.
 {¶ 2} On October 5, 2001, appellant filed a modification and/or termination of the shared parenting plan. Appellee filed a similar motion on October 11, 2001. A hearing was held on May 1, 2002. By order filed May 14, 2002, the trial court denied appellant's motion and granted appellee's motion. Appellee was named residential parent and appellant was granted visitation.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The trial court committed an abuse of discretion by denying appellant's motion for continuance, where counsel for appellant had been retained only eight days prior to the hearing and did not have sufficient time to prepare for the hearing."
 II {¶ 5} "The trial court committed error by granting appellee's motion for modification of parental rights without first making a finding, under Ohio Revised Code Section 3109.04(E)(1)(a), that a change had occurred in the circumstances of the child and that the modification was necessary to serve the best interests of the child."
 I {¶ 6} Appellant claims the trial court erred in denying his request for a continuance. We disagree.
 {¶ 7} The grant or denial of a continuance rests in the trial court's sound discretion. State v. Unger (1981), 67 Ohio St.2d 65. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 8} On March 14, 2002, the trial court set the matter for a half day hearing for May 1, 2002 at 1:00 p.m. On April 17, 2002, appellant's counsel moved to withdraw. The trial court did not rule on this motion. On the day of the hearing, appellant's new counsel filed an entry of appearance and a motion to continue. The motion to continue was based upon the argument that new counsel had been retained on April 24, 2002 and "has had no opportunity to request Discovery" from appellee. Said continuance was denied by the trial court. See, Order filed May 1, 2002.
 {¶ 9} On the afternoon of the hearing, the trial court delayed the matter some forty-five minutes for counsel to arrive and engaged appellant in the following colloquy:
 {¶ 10} "BY THE COURT: We're in the matter of Jarryn Wright, this is Case J108058, this matter was set for 1:00 o'clock, the Court — it's now 1:45, the Court delayed this for 45 minutes to see if counsel would appear for Mr. Wright. He has not done that. Received a call that he was supposedly in transit. This matter has been set on the docket. I understand, Mr. Wright, you've had three different counsels on this, is that correct?
 {¶ 11} "BY MR. WRIGHT: Yes, sir.
 {¶ 12} "BY THE COURT: But you were well aware of the hearing in this time, correct?
 {¶ 13} "BY MR. WRIGHT: Yes, sir. At 1:00 today, yes sir. But I notified my lawyer, he did send in — he sent in for a continuation before this day that we got into this.
 {¶ 14} "BY THE COURT: No, he sent in for a continuation yesterday, is when it was received by our office.
 {¶ 15} "BY MR. WRIGHT: Because under the two other lawyers I had, I didn't believe they represented me nor my son, and my sons nor in our best behalf.
 {¶ 16} "BY THE COURT: Best half — well, I've set this custody matter for this time and I'm going to allow you to do the best that you can and hopefully he will show up. Is it his motion — it's his motion, or is is it your motion?
 {¶ 17} "BY MR. FORCHIONE: They both filed motions, Your Honor.
 {¶ 18} "BY THE COURT: Well, I — I will allow you to go first * * * to save him a little bit of chance on that. T. at 4-5.
 {¶ 19} We are unable to find any abuse of discretion by the trial court. Appellant was on his third attorney, had been aware of the hearing for forty-seven days and had been aware that he needed new counsel for fourteen days.
 {¶ 20} Assignment of Error I is denied.
 II {¶ 21} Appellant claims the trial court erred in granting appellee's motion for modification of parental rights without a specific finding of a change of circumstances. We disagree.
 {¶ 22} R.C. 3109.04 governs parental rights and responsibilities. Subsection (E)(1)(a) states as follows:
 {¶ 23} "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 {¶ 24} "(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
 {¶ 25} "(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
 {¶ 26} "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."
 {¶ 27} We agree the order entry itself does not specifically state that there has been a change of circumstances. However, we believe it is logical to infer a finding of a change of circumstances from the wording of the order for the following reasons.
 {¶ 28} First, the parties agreed through a May 17, 2000 consent decree that shared parenting was the appropriate vehicle for custody. In agreeing to shared parenting, both parties agreed to cooperate and facilitate visitation. Both parties, appellant on October 5, 2001 and appellee on October 11, 2001, filed for modification or termination of the shared parenting agreement. By such joint action, they relieved the trial court of the obligation to make a specific finding of a change of circumstances.
 {¶ 29} Secondly, as noted in the February 1, 2002 report of the guardian ad litem, the parties' employment times had changed and appellee no longer worked afternoons but was on days.
 {¶ 30} Lastly, the trial court concluded appellant had failed to follow through on counseling with Dr. Robert DeVies as ordered by the trial court on February 4, 2002.[1]
 {¶ 31} We find the order and the trial court's findings to be specific to satisfy the requirement of a change of circumstances.
 {¶ 32} Assignment of Error II is denied.
 {¶ 33} The judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is hereby affirmed.
By Farmer, J., Gwin, P.J. and Wise, J. concur.
Topic: modification of shared parenting plan continuance; change of circumstance.
[1] Appellant predicated his motion on a claim of sexual and/or physical abuse while under appellee's care. Dr. Joseph Salwan, a psychologist, the guardian ad litem and the trial court found these claims to be without merit.